IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thavian Ford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:13-cv-175-SB |
| v. | ) | |
| | ) | **ORDER** |
| Big Daddy Drayage, | ) | |
| | ) | |
| Defendant. | ) | |



This matter came before the Court on May 16, 2013, for a hearing on the Defendant's motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative to transfer venue to the United States District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. § 1414(a).

For the reasons set forth on the record during the hearing, the Court finds that the language of the September 2008 Lease to Purchase Agreement does not incorporate the terms of the 2011 Independent Contractor Agreement, or any other specific Independent Contractor Agreement. The Court finds that, at best, the language of the 2008 Lease Purchase Agreement, which provides that "Lessee agrees to be under contract to Big Daddy Drayage . . . under the terms **if of an Independent Contract Agreement**" is unclear, and that such ambiguity should be construed against the drafter, the Defendant. (See Entry 6-4 at ¶ 3 (emphasis added).) Thus, the Court does not believe that the forum selection clause contained in the 2011 Independent Contractor Agreement applies to the Plaintiff's claims arising out of the 2008 Lease to Purchase Agreement. Despite the foregoing, the Court notes that if its finding is incorrect–in other words, if the 2008 Lease

Purchase Agreement does incorporate the terms of the 2011 Independent Contractor Agreement–then the Court would find the forum selection clause contained in the 2011 Independent Contractor Agreement to be enforceable under the law. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), and Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643 (4th Cir. 2010).

Based on the foregoing, the Court denies the Defendant's motion to dismiss. Nevertheless, because the Court believes that this "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court certifies the matter for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), should the parties choose to seek an immediate appeal. The Court also notes, however, that even though it has certified the issue for interlocutory appeal, the Fourth Circuit Court of Appeals still must exercise its discretion in deciding whether to grant permission to appeal the certified order. 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to is within ten days after the entry of the order."). If a party chooses to undertake an interlocutory appeal, and if the Fourth Circuit permits the appeal, then the matter shall be stayed in this Court pending the Fourth Circuit's determination of the issue(s).

Therefore, it is hereby **ORDERED** that the Defendant's motion to dismiss (Entry 6) is **DENIED**.

2

**AND IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

May **16**, 2013
Charleston, South Carolina

#3